MARIA HELLMAN, EXECUTRIX, V. EVA OLIVER.

[FILED OCTOBER 5, 1892.]

1. **Landlord and Tenant:** ACTION FOR RENT: ESTOPPEL. In an action upon a lease to recover rent, the defendant alleged that the building was leased for an unlawful purpose, naming it, to which the plaintiff replied that the same defense had been interposed to an action upon other installments of rent, and overruled. *Held,* That the proof failed to establish an estoppel.

2. ————: LEASING PREMISES FOR UNLAWFUL PURPOSE: INSTRUCTIONS. Where the defense to an action for rent was that the building was leased by the plaintiff for an unlawful purpose, which was stated, an instruction to the jury, in substance, that they may determine if the house was to be "used for such unlawful purpose," "or other unlawful purposes," is erroneous.

3. ————: ————: PLEADING. The unlawful purpose which it is claimed renders the contract illegal and void must be pleaded, and unless so pleaded, should not be submitted to the jury.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*Chas. E. Clapp,* for plaintiff in error:

The adjudication on merits of defense that premises were leased for unlawful purposes, had in the former action on the same lease, is a bar to maintenance of that defense in this case. (*Danziger v. Williams,* 91 Pa. St., 234; *Hanna v. Read,* 102 Ill., 596; *Guest v. Brooklyn,* 79 N. Y., 624; *Betts v. Starr,* 5 Conn., 550; *Spencer v. Dearsth,* 43 Vt., 98; *Babcock v. Camp,* 12 O. St., 11; *Foster v. Konkright,* 70 Ind., 123; *Beloit v. Morgan,* 7 Wall. [U. S.], 619; *Davis v. Brown,* 4 Otto [U. S.], 423.)

*Gannon & Donovan, contra:*

Matter cannot be proved to have been passed upon, except it be such as might have been given in evidence under

the issue joined. (Freeman, Judgments, 313; *Briggs v. Wells*, 12 Barb. [N. Y.], 567; *Knickerbocker v. Beam*, 42 Kan., 17; *Cromwell v. County*, 94 U. S., 353; *Davis v. Brown*, Id., 423; *Russell v. Place*, Id., 606.)

MAXWELL, CH. J.

This action was brought by the plaintiff to recover rent for a certain dwelling house from the 9th day of June, 1888, to the 9th day of May, 1889, at $125 per month.

The defendant in her answer admits the execution of the lease, but alleges that it terminated on the 9th of October, 1888, at which time she surrendered possession. She also alleges, in substance, that it was agreed between the parties that the place was to be kept as a house of assignation, and that it was agreed that in case the house was closed by the public authorities before the expiration of the written lease, the defendant should thereupon surrender the possession and the lease should cease and determine; and that the public authorities closed the house on the 9th of October, 1888.

In the reply the plaintiff denies the facts stated in the answer and alleges that the same facts were put in issue in the defendant's answer for another installment of rent accruing upon the same lease, and the defendant is therefore estopped to set the same up in this case.

On the trial of the cause the jury found in favor of the defendant, and a motion for a new trial having been overruled, judgment was entered dismissing the action.

It is unnecessary to set out the answer pleaded as an estoppel. In our view it is not sufficient for that purpose and was not a bar to the defense interposed by the defendant in this action.

The court at the request of the defendant gave the following instruction:

"You are instructed that although it may be expressly provided in the lease that the premises should not be used

for some particular unlawful purpose, still, if the intention of the parties to the same was that they might be used for such unlawful purposes, or other unlawful purposes, the said lease is an illegal contract and the plaintiff cannot recover upon it; and if you find that it was the intention and understanding of both parties hereto that the premises would be used for such unlawful and immoral purpose, then your verdict must be for the defendant."

In this we think the court erred. The answer of the defendant alleges a single unlawful purpose, which is designated. The proof was directed to that point, and the jury should have been restricted to the question presented. To instruct the jury that they might consider "other unlawful purposes" not put in issue, left them at liberty to consider any matter which they may have deemed unlawful. Under the Code the facts constituting the alleged illegality which renders the contract invalid must be pleaded and the proof will be restricted to proving or disproving such facts; otherwise it might be impossible to defend against a general charge of unlawful purposes.

There are errors also in the instructions given by the court on its own motion, but, as no exceptions seem to have been taken, they cannot be considered. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.